IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| ARGONAUT INSURANCE COMPANY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:11-cv-02741-WDQ |
| WOLVERINE CONSTRUCTION, INC., *et al.* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CONSENT MOTION FOR MODIFCATION OF THE SCHEDULING ORDER

Plaintiff, Argonaut Insurance Company ("Argo"), by and through its undersigned counsel, and with the consent of Defendants Wolverine Construction, Inc., Robert Zimmerman and Elissa Dillon, through their respective counsel, request that the Court modify certain dates in its Scheduling Order, and in support thereof, states:

1.      On September 26, 2011, Plaintiff Argo filed suit asserting a claim for violation of Maryland's Trust Fund Statute, Md. Code Ann., Real Prop. §§ 9-201-204, as well as a contractual indemnity claim.

2.      These claims arise out of private construction project located in Prince George's County, Maryland. Defendant Wolverine Construction, Inc. ("Wolverine") was the general contractor on this project, and Argo, as Wolverine's surety, provided surety bonds on behalf of Wolverine.

3.      In Argo's claim for violation of Maryland's Trust Fund Statute, Argo has alleged that Wolverine, at the direction and control of Defendant Robert Zimmerman, improperly utilized construction trust funds in violation of the statute thereby damaging Argo.

4.      Due to this diversion of funds, Argo has alleged that it was forced to pay hundreds of

thousands of dollars to Wolverine's subcontractors and suppliers which should have been paid from the construction trust funds.

5.     Argo intends to retain an expert witness to analyze and opine on the tracing of the construction trust funds into and from Wolverine's bank accounts.

6.     Argo is in possession of some of the relevant documents. However, the bulk of the financial records, including the pertinent bank records, are in the possession of Wolverine and Wolverine's banks.

7.     Accordingly, Argo's ability to perform the tracing of funds is dependent upon learning of all of the pertinent banks and obtaining the bank records from Wolverine, as well as the banks, which will occur through discovery and will most likely take additional time.

8.     Importantly, this discovery may also reveal that in addition to Defendant Robert Zimmerman, other individuals have violated Maryland's Trust Fund Statute and should be named as Defendants.

9.     The current deadline for moving to joinder of additional parties and amendment of pleadings is January 20, 2012 and for Plaintiff's Rule 26(a)(2) disclosures is February 6, 2012.

10.    Argo respectfully requests that the Court extend these deadlines and the other remaining deadlines approximately 30-45 days, so that the revised dates are as follows:

| | |
|---|---|
| March 6, 2012: | Moving for joinder of additional parties and amendment of pleadings |
| March 6, 2012: | Plaintiff's Rule 26(a)(2) disclosures |
| April 6, 2012: | Defendant's Rule 26(a)(2) disclosures |
| April 16, 2012: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| April 24, 2012: | Rule 26(e)(2) supplementation of disclosures and |

|   |   |
|---|---|
|   | responses |
| May 10, 2012: | Discovery deadline; submission of status report |
| May 17, 2012: | Requests for admission |
| June 21, 2012: | Dispositive pretrial motions deadline |

11. To the extent that documents and/or information are not timely produced, Argo also respectfully requests that it be permitted to seek a further modification of the remaining deadlines at a later date. Nevertheless, Argo seeks to avoid any further extension of the deadlines.

12. Defendants, Wolverine Construction, Inc., Robert J. Zimmerman and Elissa Dillon, through their counsel, consent only to the extension of the deadlines in the Scheduling Order, as set forth above.

13. Defendants Wolverine Contractors, Inc. and Wolverine Management, Inc. have been served, but have not filed a responsive pleading.

WHEREFORE, Plaintiff Argonaut Insurance Company respectfully requests that the Court grant its Request for Modification of the Scheduling Order and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

    /s/ *Eric G. Korphage*
David D. Gilliss
Federal Bar No.: 05174
Gilliss@pikegilliss.com
Eric G. Korphage
Federal Bar No.: 27854
Ekorphage@pikegilliss.com
Pike & Gilliss, LLC
9475 Deereco Road, Suite 300
Timonium, MD 21093

Phone: (443) 761-6500
Fax: (443) 761-6519
*Attorneys for the Plaintiff,*
*Argonaut Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2011, the foregoing was served via U.S. Mail on the Maryland State Department of Assessments and Taxation for Wolverine Contractors, Inc. and Wolverine Management, Inc. and via the CM/ECF System of the United States District Court for the District of Maryland on the following:

| | |
|---|---|
| James L. Mayer, Esquire | Jeffrey N. Pritzker, Esquire |
| James L. Mayer, P.A. | jnpritzker@mpelaw.com |
| jmayer@jlmayerlaw.com | Margolis, Pritzker, Epstein, & Blatt, P.A. |
| 2400 Longstone Lane, Suite 106 | 110 West Road, Suite 222 |
| Marriottsville, MD 21104 | Towson, Maryland 21204 |
| *Attorneys for Defendant, Elissa Dillon* | *Attorneys for Defendants, Robert Zimmerman and Wolverine Construction, Inc.* |

/s/ *Eric G. Korphage*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| ARGONAUT INSURANCE COMPANY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:11-cv-02741-WDQ |
| WOLVERINE CONSTRUCTION, INC., *et al.* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER

After consideration of the Consent Motion for Modification of the Scheduling Order ("Consent Motion"), it is this ____ day of _____, 20_____, by the United States District Court for the District of Maryland, hereby

**ORDERED**, that the Consent Motion is GRANTED; and it is

**FURTHER ORDERED**, the remaining dates on the Court's Scheduling Order are as follows:

### I. <u>DEADLINES</u>

| | |
|---|---|
| March 6, 2012: | Moving for joinder of additional parties and amendment of pleadings |
| March 6, 2012: | Plaintiff's Rule 26(a)(2) disclosures |
| April 6, 2012: | Defendant's Rule 26(a)(2) disclosures |
| April 16, 2012: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| April 24, 2012: | Rule 26(e)(2) supplementation of disclosures and responses |
| May 10, 2012: | Discovery deadline; submission of status report |
| May 17, 2012: | Requests for admission |

*Argonaut Ins. Co. v. Wolverine Construction, Inc., et al.*, Civil Action No.: 1:11-cv-02741-WDQ
Order on Request for Modification of the Scheduling Order
Page 2 of 2

      June 21, 2012:              Dispositive pretrial motions deadline

And it is,

      **FURTHER ORDERED**, that the parties may seek a further modification of any remaining dates on the Scheduling Order to the extent necessary.

                                                        _____
                                                          William D. Quarles, Jr.
                                                          United States District Judge